UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEVELOPERS SURETY AND
INDEMNITY COMPANY,

    Plaintiff,

v.                                                    Case No: 6:16-cv-1875-Orl-40KRS

ARCHER WESTERN
CONTRACTORS, LLC,

    Defendant.

## ORDER

This cause comes before the Court on Prince Land Services, Inc.'s ("Prince") Motion for Leave to Intervene (Doc. 44), filed February 8, 2017. On April 3, 2017, Magistrate Judge Karla R. Spaulding submitted a report recommending that the motion be denied. (Doc. 53). On April 17, 2017, Prince objected to the Magistrate Judge's recommended disposition.[1] (Doc. 57). This matter is ripe for review.

**I. BACKGROUND**

On May 21, 2012, Defendant, Archer Western Contractors ("Archer"), executed a subcontract with Prince (the "Subcontract") for the performance of landscaping and irrigation work on a project known as the "Orlando Sunrail Station Finishes" (the "Project"). On September 7, 2012, Plaintiff, Developers Surety and Indemnity Company ("DSIC"),

---

[1] Plaintiff also filed an objection to the Magistrate Judge's Report and Recommendation. (Doc. 60). However, Plaintiff never briefed or raised any arguments to the Magistrate Judge in support of Prince's motion. The Court will therefore not consider Plaintiff's objection. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

1

issued a subcontract performance bond on behalf of Prince (the "Bond"), with DSIC as principal and Archer as obligee. The Bond guaranteed Prince's work on the Project under the Subcontract and provided certain remedies to Archer were Prince not to fulfill its obligations.

From 2012 through the spring of 2014, Prince performed its obligations under the Subcontract. However, as the Project neared completion, Archer began experiencing problems with Prince's landscaping and irrigation work. As a result, on July 3, 2014, Archer issued a letter to Prince detailing Prince's shortcomings and providing seventy-two hours for Prince to cure its deficiencies. At no time did Archer exercise or attempt to exercise its right to terminate the Subcontract.

On July 9, 2014, Archer declared Prince to be in breach of the Subcontract, submitted a claim to DSIC, and demanded the DSIC perform under the Bond. On July 14, 2014, DSIC responded to Archer indicating that DSIC had initiated an investigation in accordance with the Bond's terms. To that end, DSIC requested that Archer provide certain information and documentation necessary for the investigation, requested a meeting with Archer to discuss the default, and advised that DSIC would formally respond to Archer's claim within fifteen days after receiving all of the information and documentation requested. Despite DSIC's numerous efforts to contact Archer, Archer did not respond to DSIC and never provided the information and documentation DSIC needed to complete its investigation. On August 20, 2014, DSIC contacted Archer to caution that Archer's failure to respond and produce the information and documentation requested may prejudice Archer's rights under the Bond. Archer again failed to respond.

Unbeknownst to DSIC, Archer had decided to hire a new subcontractor to replace Prince and complete the work under the Subcontract. Upon discovering Archer's actions,

2

DSIC denied Archer's claim under the Bond. DSIC denied Archer's claim on the ground that Archer had failed to follow the claim procedure required by the Bond. Two years later, Archer submitted a second claim to DSIC, again seeking to recover under the Bond. DSIC subsequently initiated this lawsuit to obtain a declaration that the Bond is null and void and that it is not liable for Archer's claim. Archer filed a counterclaim against DSIC for breaching the Bond and for a declaration that Archer followed the Bond's claim procedure.

Prince now moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24. Prince claims that it has an interest in the dispute between DSIC and Archer because of its obligations under the Subcontract.

## II. STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). When a magistrate judge has been designated to decide a matter that is dispositive in nature, as is the case here, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's recommended decision has fourteen days from the date of the recommendation to seek the district judge's review by filing objections to those specific portions of the recommendation disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then make a de novo determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's

recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Prince moves to intervene in this action as a matter of right. In the alternative, Prince requests that it be allowed to permissively intervene. The Court examines Prince's arguments in turn.[2]

### A. Intervention as of Right

Pertinent to this case, Rule 24 grants a right of intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).[3] The Eleventh Circuit has announced a four-part test for district courts to apply when determining whether a non-party has the right to intervene under this provision. The proposed intervenor must establish:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

---

[2] As an initial matter, Prince's motion to intervene was not "accompanied by a pleading that sets out the claim or defense for which intervention is sought" as required by Federal Rule of Civil Procedure 24(c). As Magistrate Judge Spaulding correctly observed, this is reason enough to deny Prince's motion. Nevertheless, Prince attached to its objection a proposed complaint against Archer which it offers in support of intervention, and the undersigned has considered that proposed complaint in resolving Prince's motion.

[3] Rule 24(a) also grants a right of intervention where the proposed intervenor "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Prince does not contend that it has such a right.

*Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (quoting *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 593 (11th Cir. 1991) (per curiam)). Where all four parts are satisfied, the court must grant intervention. *See* Fed. R. Civ. P. 24(a).

In her Report and Recommendation, Magistrate Judge Spaulding found that, while Prince's motion to intervene was timely, Prince failed to demonstrate that it has a sufficient interest in the transaction at issue in this lawsuit to warrant intervention. Specifically, Magistrate Judge Spaulding found that Prince has no real interest in DSIC's and Archer's Bond dispute, but rather that Prince seeks to recover contract damages from Archer with the hope that it might be able to recover these damages from the proceeds of the Bond if the Bond is declared valid. Prince objects to this finding on the ground that it will be unable to enforce its rights under the Subcontract should the Bond be declared invalid.

Upon an independent de novo review of the record, the undersigned agrees with Magistrate Judge Spaulding's determination. In order to hold a sufficient interest in an action to warrant intervention, the proposed intervenor's interest must be "direct, substantial and legally protectable." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). It is well-established that the proposed intervenor's economic interest in the outcome of the lawsuit is not a sufficiently direct or protectable interest to require intervention. *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (per curiam); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991). As Magistrate Judge Spaulding explained, the only interest Prince has in this lawsuit is an economic interest: that the Bond be declared valid so that Prince may attempt to recover from Archer any proceeds due to it under the Bond for Archer's alleged breach of the Subcontract. A review of Prince's proposed complaint against Archer confirms as much. Prince's contention that it would be impaired in

recovering the contract damages it alleges should the Bond be declared invalid is unavailing; Prince can sue Archer to recover those damages regardless of whether the Bond is valid.

## B. Permissive Intervention

Rule 24 also provides that "the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).[4] In deciding whether to allow someone to intervene under this provision, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even through there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (quoting *Worlds*, 929 F.2d at 595).

In her Report and Recommendation, Magistrate Judge Spaulding concluded that Prince should not be permitted to intervene. Magistrate Judge Spaulding found that Prince's intervention would only serve to unduly broaden the issues in this case by injecting Prince's claim for breach of the Subcontract against Archer. Prince objects to this finding, arguing that allowing Prince to intervene would actually alleviate the burdens of litigating multiple lawsuits and avoid the possibility of inconsistent verdicts.

Upon an independent de novo review of the record, the undersigned agrees with Magistrate Judge Spaulding's determination. While Prince's proposed claims against Archer involve a shared factual background, the commonalities between Prince's

---

[4] Rule 24(b) also permits intervention where the proposed intervenor "is given a conditional right to intervene by a federal statute." Fed. R. Civ. P. 24(b)(1)(A). Prince does not contend that it has such a right.

allegations against Archer and DSIC's and Archer's allegations against each other end there. The question of whether Prince or Archer breached the Subcontract will have no impact on whether DSIC or Archer breached the Bond or whether the Bond is valid, and vice versa. As a result, allowing Prince to intervene would unnecessarily expand the scope of this litigation to include claims that Prince can readily bring on its own in a separate lawsuit.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Prince Land Services, Inc.'s Objection to Report and Recommendation (Doc. 57) is **OVERRULED**.

2. Plaintiff's Objection to Report and Recommendation (Doc. 60) is **OVERRULED**.

3. Magistrate Judge Spaulding's April 3, 2017 Report and Recommendation (Doc. 53) is **ADOPTED** and **CONFIRMED** and is made a part of this Order.

4. Prince Land Services, Inc.'s Motion for Leave to Intervene (Doc. 44) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 25, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record