**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEVELOPERS SURETY AND
INDEMNITY COMPANY,

     Plaintiff,

v.                                                                    Case No: 6:16-cv-1875-Orl-40KRS

ARCHER WESTERN
CONTRACTORS, LLC,

     Defendant.

_____

<u>**ORDER**</u>

This cause comes before the Court on Prince Land Services, Inc.'s Motion for Reconsideration of Order Denying Prince Land Services, Inc.'s Motion to Intervene (Doc. 71), filed June 26, 2017. No party has responded to the motion and the time for doing so has passed. Upon review, the motion will be denied.

**I.      BACKGROUND**

Plaintiff sues Defendant to obtain a declaration that a surety bond it executed with Defendant is null and void and that Plaintiff owes no money to Defendant under that bond. Defendant countersues Plaintiff for a declaration affirming the validity of the bond and to recover for Plaintiff's breach of the bond. As the principal on the bond, Prince Land Services, Inc. ("Prince") moved to intervene in order to protect its interests thereunder. After reviewing Prince's motion, the Magistrate Judge submitted a report recommending that the motion be denied. On May 25, 2017, the undersigned adopted the Magistrate Judge's recommendation over Prince's objection and denied the motion to intervene. Prince now asks the Court to reconsider its decision.

## II.    DISCUSSSION

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). It is well-settled that a motion for reconsideration is not a vehicle for raising new arguments that could have been raised previously. *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam); *see also Local Access, LLC v. Peerless Network, Inc.*, 222 F. Supp. 3d 1113, 1115 (M.D. Fla. 2016) ("It is wholly inappropriate in a motion for reconsideration . . . to raise new arguments which should have been raised in previous briefing.").

In its motion for reconsideration, Prince contends that the Court clearly erred when it found that Prince lacked a sufficient interest in the litigation to warrant intervention as of right pursuant to Federal Rule of Civil Procedure 24(a). Prince now submits that it must be allowed to intervene because its performance of a subcontract is at issue in this case, and Prince fears that it will be subjected to an indemnification claim by the prevailing party. However, Prince never raised this argument in its original motion to intervene. Rather, Prince hinged its motion to intervene entirely on its desire to enforce the subcontract and recover money from Defendant should the bond be declared valid, thus prompting the Court to deny the motion on the ground that a purely economic interest is not sufficient to warrant intervention under Rule 24(a). Prince's new argument, which was surely known to it when it originally filed its motion to intervene, is not a basis for granting the extraordinary remedy of reconsideration.

### III.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Prince Land Services, Inc.'s Motion for Reconsideration of Order Denying Prince Land Services, Inc.'s Motion to Intervene (Doc. 71) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 8, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record