UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEVELOPERS SURETY AND INDEMNITY COMPANY,

    Plaintiff,

v.     Case No: 6:16-cv-1875-Orl-40KRS

ARCHER WESTERN CONTRACTORS, LLC,

    Defendant.
_____/

# ORDER

This cause comes before the Court on the parties' Joint Stipulation for Dismissal with Prejudice (Doc. 136), filed June 22, 2018. The stipulation of dismissal is self-executing pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See Anago Franchising, Inc. v. Shaz*, 677 F.3d 1272, 1278 (11th Cir. 2012). A Rule 41(a)(1)(A)(ii) stipulation of dismissal dismisses the case "upon its becoming effective." *Id.* "The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id.* Accordingly, all claims asserted by any party in this action are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close this case.

The Court also denies Prince Land Services, Inc.'s ("**Prince**") Renewed Motion to Intervene, Motion for Reconsideration or Clarification, and Incorporated Memorandum of Law (Doc. 135). This motion renews a Motion to Intervene filed by Prince on February 8,

2017. (Doc. 44). That initial intervention motion was ultimately denied on May 25, 2017. (Doc. 65). Approximately one year later, on May 7, 2018, the Court granted Archer Western Contractors, LLC's ("**Archer**") Motion for Summary Judgment, and entered Judgment in favor of Archer and against Developers Surety and Indemnity Company ("**DSIC**"). (Docs. 128, 129). After the Court's Order resolving the summary judgment motions, on June 16, 2018, Prince filed the now-pending Renewed Motion to Intervene. (Doc. 135). The parties' stipulation of settlement came six days later, on June 22, 2018, "divest[ing] the [Court] of jurisdiction." (Doc. 136); *see also Shaz*, 677 F.3d 1278. Because the Court lacks jurisdiction, it is **ORDERED** that Prince's Renewed Motion to Intervene and for Reconsideration or Clarification (Doc. 135) is hereby **DENIED**.[1]

---

[1] Moreover, Prince failed to comply with Rule 3.01(g) before filing its motion. Counsel for Prince advises that he "attempted to confer with all counsel in a good faith effort . . . [by] emailing all counsel to schedule a conference to discuss the relief sought, and that I have as of the filing of this motion not secured agreement to the motion." (Doc. 135, p. 8). That is not enough under the Local Rules.

> The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. Local Rule 3.01(g).

*Rigney v. Livingston Fin., LLC*, Case No. 6:12–cv–617–Orl–18TBS, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012). The Court regularly denies motions that fail to include a compliant Rule 3.01(g) certificate. *Id.* Prince has failed to comply with 3.01(g), which is an additional ground for denying its motion.

**DONE AND ORDERED** in Orlando, Florida on July 6, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties